In re BATES. (District Court, D. Connecticut.) Specifications of Objections to Discharge.

TOWNSEND, District Judge. As to the first ground of objection, the bankrupt testified on his examination that he paid $100 to his attorney, while in his schedule he stated that no sums were paid to counsel. The referee finds that the $100 was really paid by bankrupt's father, by check made to the order of bankrupt's attorney, and delivered to the attorney either by the father personally or by the hand of the bankrupt. The referee finds that there was no intention to give false testimony in the case, and that the bankrupt was not under obligation to include said $100 in his schedule; and I concur with the referee, and hold that no criminal intent is to be inferred from the facts brought out. As to the other specification, the describing a private as a partnership indebtedness, I concur in the opinion of the referee that it was an erroneous statement, from which the bankrupt obtained no advantage, and which was purely due to oversight and mistake, and not due to criminal intent. The exceptions to the referee's report are overruled, and the report is accepted, and the discharge granted.